FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2010 SEP -8 AM 10: 13

R Clerk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

IAN HARRIS,

   Plaintiff,

v.            CIVIL ACTION NO.: CV610-001

JOHN PAUL; BREE HIGGINS;
TAMARA BENNETT; and
LISA WARNOCK,

   Defendants.

## MAGISTRATE JUDGE'S SECOND AMENDED REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Valdosta State Prison in Valdosta, Georgia, filed an amended complaint pursuant to 42 U.S.C. § 1983 concerning events that occurred during his incarceration at Georgia State Prison. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's complaint states:

I am requesting equitable tolling apply due to being forced medicated and being in a state of inebriation since Feb[ru]ary 2003 with a four month interval in 2008. I was placed on forced medication status for 12 six month periods from Feb[ru]ary 2003 to Feb[ru]ary 2009 not for legitimate penological interests or treatment issues but for punishment which was the arbitrary administration of said medication; being punished 12 times for four assaults I was written up for in late 2002 and early 2003 (before February 2003). The four assaults were used as evidence against me at each of the 12 forced medication hearings from Feb[ru]ary 2003 to Feb[r]uary 2009 to overcome my substantive due process right[1], liberty interest and privacy interests in avoiding the unwanted administration of antipsychotic drugs. This was done through a suc[c]ession of mental health directors whose names are Lisa Warnock, Bree Higgens, and Tamara Bennet. Deputy Warden John Paul had knowledge of this and

---

[1] Though Plaintiff states that his substantive due process rights were violated, it appears he is actually making a procedural due process claim.

aided in the decisions when Tamara Bennett was director. These acts subjected me to double jeopardy, violated my substantive due process rights, unlawfully abridged my liberty and privacy interests to be free from antipsychotic drugs, and subjected me to excessive punishment, and denied me equal protection of laws.

(Doc. No. 18, p. 5).

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff asserts that he was subjected to double jeopardy. Plaintiff fails to make any factual allegations supporting this claim. Even if he had done so, his double jeopardy claim could not proceed unless Plaintiff had shown that his disciplinary sanctions were invalidated. Heck v. Humphrey, 512 U.S. 477, 489-90 (1983).

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal citation and punctuation omitted). Plaintiff has failed to set forth any facts indicating that Defendants violated his equal protection rights.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's double jeopardy and equal protection claims be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of September, 2010.

JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE